Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
* * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
STIPULATIONS
1. A set of medical and employment records marked as stipulated exhibit 1 was received into evidence. (sixty-six pages)
2. A set of medical records marked as stipulated exhibit 2 was received into evidence. (nineteen pages)
3. The parties are subject to and bound by the provisions of the Workers' Compensation Act and that an employment relationship existed between plaintiff and defendant on April 14, 1995.
4. Defendant is a duly qualified self-insurer and Risk Control Services is the servicing agent.
5. Plaintiff's average weekly wage is $296.43
* * * * * * * * * * * *
The Full Commission modifies and adopts the findings of fact of the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a thirty-three year old female who had obtained a GED. Plaintiff had been employed by the defendant-employer as a shipping clerk for over three years.
2. Plaintiff has a history of lower back problems prior to April 14, 1995. Plaintiff had the pre-existing condition of degenerative disc disease prior to April 14, 1995.
3. Plaintiff informed her supervisors that she had a history of back problems prior to April 14, 1995.
4. During the week of April 10, 1995 and prior to April 14, 1995, plaintiff complained to her supervisor, Susan Roth, that her back was hurting. Ms. Roth inquired as to what had happened. Plaintiff responded that no incident had occurred at work. Ms. Roth provided assistance to the plaintiff in performing her job duties as a result of plaintiff's complaints of back pain. Ms. Roth provided assistance from the week April 10, 1995 until plaintiff stopped working for the defendant-employer on April 25, 1995.
5. Plaintiff alleges that she sustained a back injury as result of a work-related incident on April 14, 1995.
6. Plaintiff first sought medical treatment from Dr. Wardell for her back on April 25, 1995. Plaintiff reported to Dr. Wardell that she did not experience any trauma or twisting prior to the onset of back pain. Plaintiff did not describe any identifiable event that precipitated the onset of plaintiff's lower back pain.
7. On May 9, 1995, plaintiff first reported to her supervisor, Susan Roth, that she had sustained a work-related injury while working in the shipping department.
8. Plaintiff's father assisted plaintiff in making the report by first notifying the defendant-employer that she was making a workers' compensation claim.
9. The back and leg pain that plaintiff experienced before the week of April 10, 1995 was similar to the back and leg pain that she was experiencing during and subsequent to the week of April 10, 1995.
10. Plaintiff did not allege that she had injured her back following a work-related incident until her physicians advised her of the seriousness of her back injury. At that time, plaintiff realized that she could potentially miss a significant amount of time from work.
11. No incident or series of incidents had occurred at work with the defendant-employer that caused and/or aggravated plaintiff's pre-existing back condition.
12. Based upon the greater weight of the evidence, plaintiff did not injure her back or aggravate her pre-existing back condition as a result of a specific traumatic incident of the work assigned.
* * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident or specific traumatic incident arising out of and in the course of her employment with the defendant-employer. Plaintiff has also failed to prove by the greater weight of the evidence that she materially aggravated her pre-existing back condition as a result of the work assigned. Plaintiff is not entitled to compensation under the Workers' Compensation Act. N.C. Gen. Stat. §97-2(6).
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff's claim must be, under the law, and hereby is DENIED.
2. Defendants shall pay expert witness fees in the amount of $235.00 to Dr. Suh, $155.00 to Dr. Wardell and $235.00 to Dr. Moore.
3. Each side shall pay its own costs.
This the _____ day of June, 1997.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ___________________________ COY M. VANCE COMMISSIONER
BSB:jmf